GARDEN, JUDGE:
This claim in the amount of $109.55 was filed by the claimant against the respondent for damages to his 1970 Montego automobile. The home of the claimant is located at 157 First Avenue in Nitro, West Virginia. First Avenue is also W.Va. Route 25. To reach First Avenue or the highway by automobile from the claimant’s house, the claimant backs down a steep driveway. Before entering the highway, it is necessary to watch for traffic. On August 25, 1977, at approximately 7:40 a.m., the claimant backed down his driveway to the highway. The weather was clear. An ambulance was proceeding along the highway. To permit the ambulance to pass, the claimant drove his automobile along the berm 'of the highway. As he was driving along the berm of the highway, the left front wheel of his automobile struck a rock. The claimant stated he was driving less than 10 mph and that the rock was about six feet from the paved portion of the highway. The rock struck under the automobile damaging the muffler, tail pipe, and exhaust pipe. The claimant testified that he knew there were rocks on the berm; that he drove in and out of his driveway at least twice a day going to and from work, and that he saw rocks on the berm the day before the accident. He also testified that the respondent had spread rocks on the berm to build it up. The claimant’s wife testified that the rocks were scraped up shortly after the accident. She did not know who did the work but the equipment was painted yellow. The claimant stated that he did not complain to the respondent about the rocks on the berm.
Claude Bartley, area supervisor for the respondent, testified that the area where the accident occurred was in the area of *162 his responsibility. He further testified he investigated time records of work performed in the area and that no work had been done on the berm in front of claimant’s house from July 1, 1977, to the date of the hearing of this claim.
The record in this case does not justify that an award be made by the Court. The claimant was driving on the berm of the highway over rocks which he knew were there. He could have waited for the ambulance to pass his driveway and then entered the paved portion of the highway as he was accustomed. Aside from the conduct of the claimant, the Court does not believe that the claimant has established by a preponderance of the evidence any actionable negligence on the part of the respondent. Accordingly, the claim is disallowed.
Claim disallowed.